Darrick L. HUNTER, Plaintiff—
Appellee,

v.

Brad HEATH, Superintendent of Security; Joe Klika, IMU/DSU Security Manager; Cristy Debutts, Supervisor of Program Services; Bill Doman, Program Services Manager; Officer Orr, IMU/DSU Lieutenant; Ken Ward, Assistant Superintendent at SRCI, Defendants—Appellants.

No. 00–35450.

D.C. No. CV–99–00323–JMS.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 2001 *.

Decided Jan. 28, 2002.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

### MEMORANDUM **

Hunter, an inmate at the Snake River Correctional Institute (SRCI), brought an action against various prison officials under 42 U.S.C. § 1983, alleging that he was terminated from his job as an inmate legal assistant in retaliation for exercising his First Amendment rights. Appellants, various officials at SRCI, bring this interlocutory appeal of the district court's denial of their motion for summary judgment on the grounds of qualified immunity.

The district court had jurisdiction over this matter pursuant to 28 U.S.C. § 1343(3). The district court's order rejecting Appellants' qualified-immunity defense was a "final decision" subject to immediate appeal under the general appellate jurisdiction statute, 28 U.S.C. § 1291. *See Behrens v. Pelletier*, 516 U.S. 299, 312–13, 116 S.Ct. 834, 133 L.Ed.2d 773 (1995). We reverse.

Grants of summary judgment are reviewed de novo. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). The Court must determine, viewing all evidence and all reasonable inferences in the light most favorable to the non-moving party, whether there are any genuine issues of material fact. This Court reviews the district court's denial of qualified immunity de novo. *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1092 (9th Cir.1998). Likewise, the determination of whether a right was clearly established at the time of the incident presents

** This disposition is not appropriate for publication and may not be cited to or by the

a pure question of law reviewed de novo. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir.1993).

Government officials performing discretionary functions receive qualified immunity under 42 U.S.C. § 1983 so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. Creighton*, 483 U.S. 635, 648, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (Stevens, J., dissenting).

In this case the district court found that Appellants' actions violated Hunter's First Amendment right to petition the government for a redress of his grievances and his right to free speech. However, here the kyte was quite clearly asserting the right of Petrie in the confiscation of his particular materials that Hunter had prepared. An inmate legal assistant does not have a clearly established right to assert the claim of another inmate for the confiscation of that inmate's legal materials.

Accordingly, the district court's denial of summary judgment is REVERSED.